# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VESCO CONSULTING SERVICES, LLC, | ) ) | Case No. 16-21351 EEB |
| | ) | Chapter 11 |
| EIN: 46-2172249, | ) ) | |
| Debtor. | ) | |

## MOTION BY DEBTOR TO APPROVE SALE OF EQUIPMENT AND WAIVE STAY

VESCO Consulting Services, LLC, the debtor and debtor-in-possession (the "**Debtor**"), requests that the Court (i) approve the sale (the "**Sale**") of the following Debtor equipment to 4 Rivers Equipment (the "**Buyer**") for $80,000 free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to be paid at closing, pursuant to 11 U.S.C. §§ 105 and 363(b) and (f), Fed. R. Bankr. P. 6004, and L.B.R. 6004-1: the 2012 Dynapac Roller, as more particularly set forth in UCC Filing No. 20132108835, filed by Atlas Copco Customer Finance USA LLC ("**Atlas Copco**") on December 18, 2013 (the "**Equipment**"); and (ii) waive the 14-day stay of Fed. R. Bankr. P. 6004(h). The following grounds support this Motion:

**I.    GENERAL BACKGROUND**

1. On November 19, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtor, among other things, mines construction aggregates (sand and gravel) and sells and delivers the material to its customers, which are typically concrete and asphalt producers as well as oil and gas construction companies.

3. To operate its business, the Debtor owns and uses several automobiles and pieces of heavy construction equipment, most of which has been financed by several secured creditors through pre-petition loans, including that certain secured loan to the Debtor from Atlas Copco related to the *USA Loan and Security Agreement* dated on or about December 13, 2013, with the original principal amount of $136,136.70 (the "**Loan**").

4. As of the Petition Date, the Debtor owed $50,108.52 to Atlas Copco on the Loan, the only Equipment lienholder to which the Debtor is aware. Through monthly adequate protection payments of about $3,000, as of December 11, 2017, $27,031.79, exclusive of fees and costs, remains owed on the Loan.

5. The Debtor has no use for the Equipment. As such, the Debtor has actively marketed the Equipment, including by advertising it in Machinery Trader online and in print editions (a well-respected and highly visible equipment marketing publication) for over a year.

6. Following these efforts, the Buyer has agreed to purchase it for $80,000. A copy of the *Bill of Sale* is **Exhibit A** hereto. The Debtor believes that this is a reasonable price for the Equipment. For comparison purposes, the Debtor's appraiser valued the Equipment at a fair market value of $86,250.

7. The Buyer is an independent third party, unrelated to the Debtor or its principal, Mike Miller.

8. The Sale proceeds will first fully satisfy the Loan, with the balance of the proceeds to be used by the Debtor to satisfy the Debtor's adequate protection obligations and otherwise to be used in the ordinary course of its operations.[1]

9. Atlas Copco consents to the relief sought in this Motion, as well as the form and content of the Motion and proposed order. Thus, 11 U.S.C. § 363(f)(2) is applicable (entity consenting to sale).

10. Contemporaneous with the filing of this Motion, the Debtor is moving to shorten notice from 21 days to seven days. It seeks this relief because (i) Atlas Copco consents to the relief; (ii) if the Loan is fully satisfied by January 15, 2018, Atlas Copco has agreed to waive further fees, costs, and charges in relation to the Loan, which per the Debtor's plan of reorganization, equal $4,750; (iii) the Debtor will no longer have to make any more monthly payments to Atlas Copco, freeing up some $3,000 per month; (iv) the Debtor will no longer have to insure or maintain the Equipment; and (v) the Debtor's cash flow is currently tight due to accounts receivable that are past due, which is constricting the Debtor's ability to timely satisfy its post-petition obligations – thus, the Debtor and its creditors will benefit from the immediate infusion of cash.

11. Pursuant to L.B.R. 6004-1(d), the Debtor further states as follows in relation to provisions to be highlighted:

- **Agreements with Management**. If a proposed buyer has discussed or entered into any agreements with management or key employees regarding compensation or future employment, the Sale Motion must disclose (i) the material terms of any such agreements, and (ii) what

---

[1] The *Bill of Sale*, a form approved by the Buyer's legal department, references application of the net proceeds of sale to, after satisfaction of liens and encumbrances, satisfaction of the Debtor's open account and note balances with the Buyer (and then to the Debtor). While the Buyer is a pre-petition creditor of the Debtor, it has authorized the Debtor to represent that there are no such open account or note balances to which it expects payment via this transaction. Rather, any pre-petition debt will be paid through the plan process.

measures have been taken to ensure the fairness of the sale and the proposed transaction in the light of any such agreements.

*N/A*

- **Releases**. The Sale Motion must highlight any provisions pursuant to which an entity is being released or claims against any entity are being waived or otherwise satisfied.

  *N/A*

- **Private Sale/No Competitive Bidding**. The Sale Motion must disclose whether an auction is contemplated, and highlight any provision in which the debtor has agreed not to solicit competing offers for the property subject to the Sale Motion or to otherwise limit shopping of the property.

  *No auction is contemplated. Per paragraph 5 of the Motion, the Debtor has actively marketed the Equipment. It believes that the sale price is fair and reasonable.*

- **Closing and Other Deadlines**. The Sale Motion must highlight any deadlines for the closing of the proposed sale or deadlines that are conditions to closing the proposed transaction.

  *There is no hard deadline for the Sale to close. However, as noted in paragraph 10 of the Motion, time is of the essence and the Debtor's strong preference is to endeavor to close the Sale and fully satisfy the Loan by the middle of January.*

- **Good Faith Deposit**. The Sale Motion must highlight whether the proposed purchaser has submitted or will be required to submit a good faith deposit and, if so, the conditions under which such deposit may be forfeited.

  *N/A*

- **Interim Arrangements with Proposed Buyer**. The Sale Motion must highlight any provision pursuant to which a debtor is entering into any interim agreements or arrangements with the proposed purchaser, such as interim management arrangements (which, if out of the ordinary course, also must be subject to notice and a hearing under 11 U.S.C. § 363(b)) and the terms of such agreements.

  *N/A*

- **Use of Proceeds**. The Sale Motion must highlight any provision pursuant to which a debtor proposes to release sale proceeds on or after the closing without further Court order, or to provide for a definitive allocation of sale proceeds between or among various sellers or collateral.

    *Per paragraph 8 of the Motion, the Sale proceeds will first fully satisfy the Loan, with the balance of the proceeds to be used by the Debtor to satisfy the Debtor's adequate protection obligations and otherwise to be used in the ordinary course of its operations.*

- **Tax Exemption**. The Sale Motion must highlight any provision seeking to have the sale declared exempt from taxes under 11 U.S.C. § 1146(a), the type of tax (*e.g.*, recording tax, stamp tax, use tax, capital gains tax) for which the exemption is sought. It is not sufficient to refer simply to "transfer" taxes and the state or states in which the affected property is located.

    *N/A*

- **Record Retention**. If the debtor proposes to sell substantially all of its assets, the Sale Motion must highlight whether the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case.

    *N/A*

- **Sale of Avoidance Actions**. The Sale Motion must highlight any provision pursuant to which the debtor seeks to sell or otherwise limit its rights to pursue avoidance claims under chapter 5 of the Bankruptcy Code.

    *N/A*

- **Requested Findings as to Successor Liability**. The Sale Motion should highlight any provision limiting the proposed purchaser's successor liability.

    *N/A*

- **Sale Free and Clear of Unexpired Leases**. The Sale Motion must highlight any provision by which the debtor seeks to sell property free and clear of a possessory leasehold interest, license, or other right.

    *N/A*

-5-

- **Credit Bid**. The Sale Motion must highlight any provision by which the debtor seeks to allow, disallow or affect in any manner, credit bidding pursuant to 11 U.S.C. § 363(k).

  *N/A*

- **Relief from Fed. R. Bankr. P. 6004(h)**. The Sale Motion must highlight any provision whereby the debtor seeks relief from the fourteen-day stay imposed by Fed. R. Bankr. P. 6004(h).

  *As noted in paragraph 16 of the Motion, the Debtor does request a waiver of the stay in order to decrease how much it would otherwise have to pay Atlas Copco, conserve cash, and satisfy its creditor obligations.*

## II.   RELIEF REQUESTED AND BASIS FOR RELIEF

12.   The Debtor seeks authority to sell the Equipment to the Buyer for $80,000 **AS IS, WHERE IS, AND WITH ALL FAULTS AND NO REPRESENTATIONS MADE BY THE DEBTOR**, free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to be paid at closing. In addition, the Debtor requests that the Court waive the 14-day stay of Fed. R. Bankr. P. 6004(h).

13.   Pursuant to section 363(b)(1) of the Bankruptcy Code, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." "The trustee is given ample discretion to administer the estate, including authority to conduct public or private sales of estate property." *In re Psychrometric Sys., Inc.*, 367 B.R. 670, 672 (Bankr. D. Colo. 2007) (citations and internal quotes omitted). "The appropriate standard used by courts in reviewing a trustee's recommendation has been enunciated in myriad ways[, but] [t]hese variations all fall under the rubric of the 'business judgment' test." *Id.* "The trustee's business judgment is to be given 'great judicial deference.'" *Id.*

14.   Here, for the reasons set forth above, the Debtor believes that the proposed Sale is for a reasonable price under the circumstances. The Sale will allow the Debtor to sell equipment

that it does not need, entirely payoff the Loan, and, correspondingly, reduce the Debtor's monthly payments. In addition, if the Loan is satisfied by January 15, 2018, the Debtor will save $4,750 in fees, costs, and other charges. As such, the Debtor submits that it is a sound exercise of its business judgment.

15.     Moreover, given Atlas Copco consents to the Sale, the Equipment may be sold free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to be paid at closing.

16.     Given the timing issue, the Debtor also respectfully requests a waiver of the 14-day stay of Fed. R. Bankr. P. 6004(h). Otherwise, many benefits of the Sale will not be realized such as saving nearly $5,000 in fees, costs, and charges, the Debtor getting an immediate infusion of cash, and the Debtor trimming its monthly obligations.

WHEREFORE, the Debtor requests that the Court consider this Motion and thereupon enter an Order (i) approving the Sale free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to be paid at closing, pursuant to 11 U.S.C. §§ 105 and 363(b) and (f), Fed. R. Bankr. P. 6004, and L.B.R. 6004-1; (ii) waiving the 14-day stay of Fed. R. Bankr. P. 6004(h); and (iii) for such other and further relief that the Court deems proper.

Dated: January 3, 2018.                Respectfully submitted,

LAW OFFICES OF KEVIN S. NEIMAN, PC

*/s/ Kevin S. Neiman*
Kevin S. Neiman, # 36560
999 18th Street, Suite 1230 S
Denver, CO  80202
Tel:        (303) 996-8637
Fax:       (877) 611-6839
E-mail:    kevin@ksnpc.com

*Counsel to the Debtor*



# BILL OF SALE

This agreement is made this 20th day of December, 2017 between 4 Rivers Equipment, LLC
LLC
(Purchaser) and Vesco Consulting Services, ~~Inc.~~ (Seller).

For the sum of $80,000.00 (eighty thousand dollars), the sufficiency of which is hereby acknowledged, Seller conveys all of its ownership interest in the following equipment to Purchaser:

| DYNAPAC | CA362D | 10000117T0A010168 | Roller |
|---|---|---|---|
| Make | Model | Serial Number | Description |

***all terms of sale are subject to Bankruptcy court approval CASE# 16-21351**
Liens and encumbrances against equipment
Please write "NONE" if Seller warrants the equipment to be free of liens and encumbrances.

Seller authorizes Purchaser to obtain payoff amounts, lien releases and any other information necessary from banks, finance companies and other lien holders in order to obtain clear title to the Equipment.

The parties agree the net proceeds of sale will be applied first to satisfaction of liens and encumbrances; second to satisfaction of Seller's open account and promissory note balances with Purchaser; third to Seller.

This written agreement contains the full and entire agreement between the parties.

Seller
By _[signature]_

MICHAEL MILLER  OWNER
Printed name and title
1-2-18

Purchaser
By _[signature]_

Rick Furrow  Corp Used Eq. Manager
Printed name and title
Lien search done: 1/3/18
Date & Initials